**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|   |   |
|---|---|
| In re: | ) |
|   | ) Chapter 11 |
| SEADRILL PARTNERS LLC, *et al*.,[1] | ) |
|   | ) Case No. 20-35740 (DRJ) |
| Debtors. | ) |
|   | ) |

**STIPULATION AND ORDER AUTHORIZING THE USE, ON AN EMERGENCY
BASIS ONLY, OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2)(A)**

Seadrill Partners LLC (together with its subsidiaries, "SDLP") and the other debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") and the TLB Agent,[2] on behalf of the Secured Parties and at the direction of the Required Lenders, hereby enter into this stipulation (the "Stipulation"), which shall be effective upon entry hereof by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**WHEREAS,** on December 1, 2020 (the "Petition Date"), the Debtors in the Chapter 11 Cases filed voluntary petitions for relief with the Bankruptcy Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code");

**WHEREAS**, the Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a)and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors assert that they have a compelling need to immediately use cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code, "Cash Collateral") during the period commencing on the Petition Date and concluding on December 8, 2020 for the limited purposes set forth in the budget attached hereto as **Exhibit A** (the "Initial Interim Budget");

---

[1] The Debtors in these chapter 11 cases include: Seadrill Partners LLC; Seabras Rig Holdco Kft.; Seadrill Auriga Hungary Kft.; Seadrill Canada Ltd.; Seadrill Capricorn Holdings LLC; Seadrill China Operations Ltd.; Seadrill Deepwater Drillship Ltd.; Seadrill Ghana Operations Ltd.; Seadrill Mobile Units (Nigeria) Ltd.; Seadrill Gulf Operations Auriga LLC; Seadrill Gulf Operations Sirius LLC; Seadrill Gulf Operations Vela LLC; Seadrill Hungary Kft.; Seadrill International Ltd.; Seadrill Leo Ltd.; Seadrill OPCO Sub LLC; Seadrill Operating GP LLC; Seadrill Operating LP; Seadrill Partners B.V.; Seadrill Partners Finco LLC; Seadrill Partners Malaysia Sdn. Bhd.; Seadrill Partners Operating LLC; Seadrill Polaris Ltd.; Seadrill T-15 Ltd.; Seadrill T-16 Ltd.; Seadrill Texas LLC; Seadrill US Gulf LLC; Seadrill Vela Hungary Kft.; and Seadrill Vencedor Ltd. The location of Debtor Seadrill Partners LLC's principal place of business and the Debtors' service address in these chapter 11 cases is Seadrill Partners LLC, 2nd Floor, Building 11, Chiswick Business Park, 566 Chiswick High Road, London W4 5YS, United Kingdom.

[2] The "TLB Agent" refers to Alter Domus (US) LLC, in its capacities as the Administrative Agent and Collateral Agent under that certain Credit Agreement, dated as of February 21, 2014 (as amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time, the "TLB Credit Agreement"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the TLB Credit Agreement.

**WHEREAS**, as of the date hereof, the Debtors that are Borrowers or Guarantors under the Loan Documents (collectively, the "<u>Debtor Loan Parties</u>")[3] were indebted to the TLB Agent and the Secured Parties under the Loan Documents for certain principal amounts, plus total accrued and unpaid interest and fees, and all other costs, fees and charges (including costs, fees, financial advisor fees, and attorneys' fees (collectively, the "<u>Prepetition Debt</u>");

**WHEREAS**, pursuant to the Loan Documents, the Borrowers and the Guarantors granted the Secured Parties a first-priority security interest in and continuing lien on substantially all of their assets and property, including Cash Collateral, subject to certain limited exclusions as set forth in the Loan Documents;

**WHEREAS**, the TLB Agent, on behalf of the Secured Parties and at the direction of the Required Lenders, is willing to consent, pursuant to section 363(c)(2)(A) of the Bankruptcy Code, to the Debtor Loan Parties' use of Cash Collateral solely pursuant to, and in a manner wholly consistent with, the disbursements contemplated by the Initial Interim Budget; and

**WHEREAS**, the foregoing recitals are for informational purposes only and are not intended to be admissions against any party hereto and may not be used against any party except in connection with seeking approval of this Stipulation.

**NOW, THEREFORE**, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto stipulate and agree as follows:

1. <u>Acknowledgment of Prepetition Indebtedness and Priority</u>.  The Debtor Loan Parties acknowledge that (i) the Prepetition Indebtedness is absolute and unconditionally due and payable without defense, offset or counterclaim, and the Debtor Loan Parties waive any right to object to the allowance of the claims of the Secured Parties in the Chapter 11 Cases, (ii) the Secured Parties have valid, binding, first priority perfected liens and security interests in the Collateral, and (iii) such liens are not subject to defense, counterclaim, offset of any kind, subordination and are otherwise unavoidable.

2. <u>Cash Collateral</u>.  The Debtor Loan Parties hereby admit, agree, and stipulate that as of the Petition Date, all of the Debtor Loan Parties' existing cash (a) constituting Collateral, (b) constituting proceeds, products, rents, or profits of property of Collateral, and/or (c) which is subject to the Secured Parties' rights of setoff, constitutes the Secured Parties' Cash Collateral.

3. <u>Use of Cash Collateral</u>.  Pursuant to sections 105(a), 363(b), and 363(c)(2) of the Bankruptcy Code, the Debtor Loan Parties are hereby authorized to use Cash Collateral exclusively pursuant to the terms of this Stipulation, solely to pay the expenses set forth in the Initial Interim Budget, which shall not include any payments to Seadrill Limited or

---

[3] The Debtor Loan Parties include the following Debtors: Seadrill Capricorn Holdings LLC, Seadrill Gulf Operations Auriga LLC, Seadrill Gulf Operations Sirius LLC, Seadrill Auriga Hungary Kft., Seadrill Hungary KFT, Seadrill US Gulf LLC, Seabras Rig HoldCo KFT, Seadrill Gulf Operations Vela LLC, Seadrill Vela Hungary Kft., Seadrill International Ltd., Seadrill T-15 Ltd., Seadrill T-16 Ltd., Seadrill Operating LP, Seadrill OPCO Sub LLC, Seadrill Partners Finco LLC, Seadrill Vencedor Ltd., Seadrill Leo Ltd., Seadrill Ghana Operations Ltd., Seadrill Polaris Ltd., Seadrill Canada Ltd., Seadrill China Operations Ltd., and Seadrill Deepwater Drillship Limited.

      its subsidiaries (excluding SDLP), solely to make disbursements during the period commencing on the Petition Date and ending on December 8, 2020 and for no other purpose; *provided*, that any disbursement in excess of $1,000,000 that constitutes an "Other Operating Disbursement," as described in the Initial Interim Budget, shall require the consent of the TLB Agent (acting at the direction of the Required Lenders); *provided, further* that nothing in the foregoing shall limit any payments to Seadrill Limited or its subsidiaries (excluding SDLP) in a pass-through capacity and where such entity is not the ultimate beneficiary of such payment; *provided, further*, that the Initial Interim Budget may be modified and this period may be further extended, as applicable, by written agreement (including via e-mail) of the Debtor Loan Parties and the TLB Agent (acting at the direction of the Required Lenders), which such modifications and agreements may be communicated among the advisors to the Debtor Loan Parties and the TLB Agent, respectively.

4. <u>Stipulations Binding</u>. The stipulations contained herein shall be binding upon all parties in interest, including any committee appointed in these Chapter 11 Cases, but all such stipulations shall be superseded in their entirety by the findings, stipulations, liens, claims, and all other matters in any order of the Bankruptcy Court authorizing the Debtors' subsequent use of Cash Collateral.

5. <u>Execution</u>. This Stipulation may be executed in one or more counterparts, by .pdf or other electronic transmission, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

6. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings, written and oral, between the parties with respect to the subject matter hereof. No modification or amendment of this Stipulation shall be valid unless it is in writing and signed by the parties hereto.

7. <u>Governing Law</u>. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to any principles of choice of law thereof.

8. <u>Retention of Jurisdiction</u>. In the event of any dispute with respect to the subject matter of this Stipulation, the parties hereto agree that the Bankruptcy Court will have exclusive jurisdiction to resolve such dispute.

9. <u>Termination</u>. Unless extended by a writing executed among the Debtor Loan Parties and the TLB Agent, the Debtor Loan Parties' right to use Cash Collateral terminates on December 8, 2020 (the "<u>Termination Date</u>"). On the Termination Date, the TLB Agent's and the Secured Parties' consent to use of the Cash Collateral shall be deemed withdrawn and the Debtor Loan Parties may not continue to use Cash Collateral except upon written consent from the TLB Agent or further order of the Bankruptcy Court. Following the Termination Date, the rights of all parties in interest (including the Debtors, any official committee of unsecured creditors, the TLB Agent, and the Secured Parties) shall be fully reserved and preserved in all respects regarding the subject matter hereof.

  IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the parties hereto have executed and delivered this Stipulation as of the date first set forth below.

Dated:  December 1, 2020

            **SEADRILL PARTNERS LLC**, on behalf of itself and its subsidiaries and other Debtors
            By: _____
            Name: Mohsin Y. Meghji
            Title: Authorized Signatory

            **ALTER DOMUS (US) LLC**, as TLB Agent
            By: _____
            Name: Matthew Trybula
            Title: Associate Counsel

SO ORDERED:

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Initial Interim Budget**

| Category | Amount Allocated |
| --- | --- |
| Personnel Costs | $2,200,000 |
| Other Operating Disbursements | $7,800,000 |
| **Total Initial Interim Budget** | **$10,000,000** |