IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEADRILL PARTNERS LLC, *et al.*,[1] | ) ) ) | Case No. 20-35740 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION TO EXTEND THE EXCLUSIVITY PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

> **This Motion seeks an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the Motion at the hearing.**
>
> **Represented parties should act through their attorney.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[2]

**Preliminary Statement**

1. The Debtors' chapter 11 process is working as intended to align stakeholders and maximize value for the Debtors' estates. Since commencing these chapter 11 cases, the Debtors

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/seadrillpartners. The location of Debtor Seadrill Partners LLC's principal place of business and the Debtors' service address in these chapter 11 cases is Seadrill Partners LLC, 2nd Floor, Building 11, Chiswick Business Park, 566 Chiswick High Road, London W4 5YS, United Kingdom.

[2] A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Seadrill Partners LLC, in Support Chapter 11 Petitions and First Day Motions* [Docket No. 48] (the "First Day Declaration"), incorporated by reference herein.

have made substantial progress in obtaining the necessary relief to mitigate the effects of their "free fall" into chapter 11 and reach agreement with the ad hoc group of lenders under the Debtors' prepetition term loan B facility (the "Ad Hoc Group") on the framework of a restructuring that will significantly de-lever the Debtors' balance sheet and best position them to capitalize on new business opportunities as markets begin to recover.  The completion of the strategic process led by the Conflicts Committee of the Board of Directors of Seadrill Partners LLC (the "Conflicts Committee") to select go-forward service providers for the Debtors' fleet of drillships and semi-submersibles is critical to these efforts.  The outcome of this process will serve as the foundation for the restructuring contemplated by the *Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 285] (the "Plan")[3] and accompanying disclosure statement [Docket No. 286] (the "Disclosure Statement").

2. Notwithstanding this progress, however, significant work remains.  Although the Debtors have filed the Plan and Disclosure Statement, key issues remain open.  Most critically, the Debtors have received several alternative proposals for the operation of their vessels since selecting go-forward service providers.  The Debtors are currently assessing such proposals and, to the extent they determine any such alternative proposal is superior, will explore execution of an alternative arrangement.  Additionally, the Debtors must work with their key stakeholders to negotiate critical documents necessary for implementation of the Plan, including negotiating transition services agreements with the Debtors' existing and go-forward service providers to ensure a smooth transition of these services.  For example, the new management services agreement with Energy Drilling was approved by the Court on February 2, 2021, and the related

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

transition of services is well underway and should not be disrupted at this stage. These are fundamental threshold matters that need to be addressed before the Plan can be prosecuted and solicitation can occur. Through the Conflicts Committee and its independent advisors, the Debtors also must continue discussions with Seadrill Limited regarding resolution of the ongoing issues between Seadrill Limited, the Debtors, and the Ad Hoc Group. These are all achievable goals, but they require additional time to implement. It would be counterproductive to these efforts for the Debtors to lose their exclusive rights to file and solicit the Plan at this juncture and jeopardize the significant case progress they already have made.

3. Accordingly, the Debtors request a 90-day extension of their exclusive periods to file and solicit acceptance of a chapter 11 plan to protect the progress made to date and to ensure that the Debtors remain on track to emerge from chapter 11 on a timeline that is in the best interests of the Debtors' estates, while avoiding the disruptive effects of competing chapter 11 plans. For all of these reasons, and as more fully set forth below, the Debtors submit that "cause" exists under section 1121 of the Bankruptcy Code to extend the Debtors' exclusive periods to file and solicit a chapter 11 plan.

**Relief Requested**

4. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"), (a) extending each Debtor's exclusive right to file a chapter 11 plan through and including June 29, 2021, and (b) to solicit votes thereon through and including August 28, 2021, (collectively, the "<u>Exclusivity Periods</u>"), without prejudice to the Debtors' right to seek further extensions as to the same.

**Jurisdiction and Venue**

5. The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The basis for the relief requested herein is section 1121 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

8. On December 1, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 4, 2020, the Court entered an order [Docket No. 46] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and rule 1015-1 of the Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

10. On February 10, 2021, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 273].

## Basis for Relief

11. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code. Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional sixty days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *In re Burns & Roe Enters., Inc.*,

4

No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (internal quotation marks omitted) (quoting H.R. Rep. No. 103–835, at 36 (1994), *as reprinted in* 1994 U.S.C.C.A.N. 3340, 3344). The Exclusivity Periods in this case are set to expire on March 31, 2021, and May 30, 2021, respectively, absent further order of the Court.

12. Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusive periods to file a plan "for cause." *See* 11 U.S.C. § 1121(d). Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." *Id*. Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) ("In virtually every case where an extension has been granted, the debtor showed substantial progress had been made in negotiations toward reorganization.").

13. Courts within the Fifth Circuit and other jurisdictions examine a number of factors to determine whether "cause" exists for extension of exclusivity, including:

    (a)    the size and complexity of the case;

    (b)    the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    (c)    the existence of good faith progress toward reorganization;

    (d)    the fact that the debtor is paying its bills as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

  (f)  whether the debtor has made progress in negotiations with its creditors;

  (g)  the amount of time which has elapsed in the case;

  (h)  whether the debtor is seeking to extend exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

  (i)  whether an unresolved contingency exists.

*In re New Millennium Mgmt., LLC*, No. 13-35719-H3-11, 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (citation omitted).

  14.  Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods. *See In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr. E.D. Tex. 1996) (applying certain factors and determining that exclusivity should be extended where the debtor had been "diligent in its attempts to reorganize"); *see also In the Matter of Excel Maritime Carriers Ltd.*, No. 13-23060-RDD, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013) (explaining that the relevance of the factors is context-dependent and that "the ultimate consideration for the Court was what will best move the case forward in the best interest of all parties").

  15.  Although the party seeking an exclusivity extension bears the burden of demonstrating cause, courts have applied a more lenient standard when determining whether to grant a debtor's first request to extend exclusivity. *See Mirant*, 2004 WL 2250986, at *2 ("The debtor's burden gets heavier with each extension it seeks as well as the longer the period of exclusivity lasts."); *In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) (noting that during the initial 120-day period in which debtors have an exclusive right to file a chapter 11 plan, bankruptcy courts have applied a "lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied") (quoting 11 U.S.C. § 1121(b), (c)(2)).

16. Here, the relevant factors favor an initial extension of the Exclusivity Periods.

- ***The Debtors' Chapter 11 Cases Are Large and Complex***. There is no question that the Debtors' cases are large and complex. The Debtors' capital structure consists of approximately $2.7 billion in aggregate funded-debt obligations arising under two secured facilities, approximately $21 million in interest rate swap liabilities, and approximately $95 million in unsecured debt incurred in the normal course of business. In addition, the Debtors have an array of active constituents, including, among others, the Ad Hoc Group and Seadrill Limited, and each constituent's advisors, in addition to numerous sophisticated contract and lease counterparties. Administering these cases has required significant input by the Debtors' management team, the Conflicts Committee, and their respective advisors on a wide range of complicated matters necessary to bring structure and consistency to a large and complex process.

- ***The Debtors Have Made Significant Progress in Negotiating in Good Faith with Creditors and Administering These Chapter 11 Cases***. Since the Petition Date, the Debtors have made significant progress in negotiating with their stakeholders and administering these chapter 11 cases, warranting an extension of the Exclusivity Periods. Specifically, the Debtors have, among other things: (a) obtained approval for consensual use of cash collateral; (b) obtained approval to enter into master services agreements with certain go-forward service providers, such as Energy Drilling, and received actionable proposals for several others, which they continue to evaluate; (c) entered into a plan support agreement with the Ad Hoc Group; (d) filed the Plan and Disclosure Statement; and (e) laid the groundwork for resolution of all issues between Seadrill Limited and the Debtors.

- ***An Extension of the Exclusivity Periods Will Not Prejudice Creditors***. Extending the Exclusivity Periods will permit the Debtors to continue to prosecute their value-maximizing plan process, which is supported by the Ad Hoc Group. Although the Debtors have made significant progress, much work remains to be done to ensure a smooth transition out of chapter 11, including finalizing and implementing the framework for the Debtors' transition to go-forward service providers and addressing their ongoing disputes with their existing service provider, Seadrill Limited. An extension of the Exclusivity Periods will not prejudice creditors in any way and, in fact, will avoid the drain on estate assets attendant to the potential proposal of competing chapter 11 plans. All stakeholders benefit from that continued stability and predictability, which comes only with the Debtors being the sole potential plan proponents. Moreover, even if the Court approves an extension of the Exclusivity Periods, nothing prevents parties-in-interest from later arguing to the Court that cause supports termination of the Exclusivity Periods.

- ***The Debtors Are Not Pressuring Creditors by Requesting an Extension of the Exclusivity Periods***. The Debtors' restructuring process is intended to confirm a plan that maximizes the value of the Debtors' estates for all of the Debtors' key economic stakeholders. The Debtors request a brief extension of the Exclusivity

7

Periods not to pressure creditors, but to provide sufficient time for the Debtors to confirm the Plan and implement the transactions contemplated thereby without the disruption and distraction created by competing plan proposals. Out of an abundance of caution, the Debtors request an extension of the Exclusivity Periods to avoid a potential last-minute disruption of what the Debtors hope will be a largely consensual plan confirmation process and a swift emergence from chapter 11.

- ***The Debtors Are Paying Their Debts as They Come Due***. Since the Petition Date, the Debtors have paid their undisputed postpetition debts in the ordinary course of business or as otherwise provided by Court order.

- ***Relatively Little Time Has Elapsed in the Chapter 11 Cases***. Only three months have elapsed since the Petition Date, and this is the Debtors' first request for an extension of the Exclusivity Periods. During the brief pendency of these cases, the Debtors have made significant efforts to bring stability to their operations and have built consensus for the Plan. The Debtors seek extension of the Exclusivity Periods contemplated herein to conclude their discussions with their stakeholders, promptly prosecute the Plan, and proceed towards emergence in an efficient, organized manner.

17. The facts and circumstances of these cases support a finding of "cause" to extend the Exclusivity Periods for an additional ninety days.

## Notice

18. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014 and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the U.S. Trustee; (b) the Committee; (c) the agent under the Debtors' prepetition term loan facility, and counsel thereto; (d) the Ad Hoc Group, and counsel thereto; (e) Seadrill Limited, and counsel thereto; (f) the Office of the United States Attorney for the Southern District of Texas; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Internal Revenue Service; (i) the United States Securities and Exchange Commission; (j) the Environmental Protection Agency and similar state environmental agencies for states in which

8

the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Bank.*]

The Debtors request that the Court enter the Order, extending the Debtors' exclusive period to file a chapter 11 plan through and including June 29, 2021, extending the Debtors' exclusive period to solicit a chapter 11 plan through and including August 28, 2021, and granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
March 10, 2021

Respectfully Submitted,

/s/ Matthew D. Cavenaugh

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| J. Machir Stull (TX Bar No. 24070697) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| Genevieve Graham (TX Bar No. 24085340) | 609 Main Street |
| Veronica A. Polnick (TX Bar No. 24079148) | Houston, Texas 77002 |
| 1401 McKinney Street, Suite 1900 | Telephone: (713) 836-3600 |
| Houston, Texas 77010 | Facsimile: (713) 836-3601 |
| Telephone: (713) 752-4200 | Email: brian.schartz@kirkland.com |
| Facsimile: (713) 752-4221 | |
| Email: mcavenaugh@jw.com | -and- |
| mstull@jw.com | |
| ggraham@jw.com | Anup Sathy, P.C. (admitted *pro hac vice*) |
| vpolnick@jw.com | Chad J. Husnick, P.C. (admitted *pro hac vice*) |
| | Gregory F. Pesce (admitted *pro hac vice*) |
| *Co-Counsel for the Debtors* | 300 North LaSalle Street |
| *and Debtors in Possession* | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | chad.husnick@kirkland.com |
| | gregory.pesce@kirkland.com |
| | |
| | *Co-Counsel for the Debtors* |
| | *and Debtors in Possession* |
| | |
| | -and- |
| | |
| | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| | Justin R. Bernbrock, Esq. (admitted *pro hac vice*) |
| | Robert B. McLellarn, Esq. (admitted *pro hac vice*) |
| | Three First National Plaza |
| | 70 West Madison Street, 48th Floor |
| | Chicago, IL 60602 |
| | Telephone: (312) 499-6321 |

Facsimile:    (312) 499-4741
Email:    jbernbrock@sheppardmullin.com
    rmclellarn@sheppardmullin.com

-and-

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Lawrence A. Larose, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10122
Telephone:    (212) 896-0627
Facsimile:    (917) 438-6197
Email:    llarose@sheppardmullin.com

-and-

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Jennifer L. Nassiri, Esq. (admitted *pro hac vice*)
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone:    (213) 617-4106
Facsimile:    (213) 443-2739
Email:    jnassiri@sheppardmullin.com

*Conflicts Counsel for the Debtors
and Debtors in Possession*

**Certificate of Service**

      I certify that on March 10, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Matthew D. Cavenaugh*
      Matthew D. Cavenaugh