IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEADRILL PARTNERS LLC, *et al.*,[1] | ) ) ) | Case No. 20-35740 (DRJ) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**REORGANIZED DEBTORS' EMERGENCY MOTION FOR ENTRY
OF A FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

> **Emergency relief has been requested.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than June 4, 2021.**

The above-captioned reorganized debtors and debtors in possession (collectively, the "Debtors," and after the effective date of their chapter 11 plan, the "Reorganized Debtors") respectfully state as follows in support of this motion (this "Motion"):[2]

**Relief Requested**

1.      The Reorganized Debtors seek entry of a final decree, substantially in the form attached hereto (the "Final Decree"), closing the chapter 11 cases of certain Reorganized Debtors

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.primeclerk.com/seadrillpartners. The location of Reorganized Debtor Seadrill Partners LLC's principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is Seadrill Partners LLC, 2nd Floor, Building 11, Chiswick Business Park, 566 Chiswick High Road, London W4 5YS, United Kingdom.

[2] A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Seadrill Partners LLC, in Support Chapter 11 Petitions and First Day Motions* [Docket No. 48] (the "First Day Declaration"), and incorporated by reference herein.

whose estates have been fully administered, except for the case of Seadrill Partners LLC, No. 20-35740 (DRJ) (the "Lead Case").

2. On May 14, 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* [Docket No. 570] (the "Confirmation Order") confirming the Plan.[3] The Effective Date occurred on May 24, 2021, at which point the Plan was substantially consummated.

3. The chapter 11 cases have been fully administered as of the Effective Date. Leaving the cases open past the date hereof imposes significant costs on the Reorganized Debtors, and any matters still requiring resolution can be administered in the Lead Case. Accordingly, the Reorganized Debtors request entry of the Final Decree, closing each of the chapter 11 cases except the Lead Case.

4. The Reorganized Debtors have discussed this request with the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and the U.S. Trustee has no opposition to the relief requested.

**Jurisdiction and Venue**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Reorganized Debtors

---

[3] *Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 562] (as modified, amended, or supplemented from time to time, the "Plan"). Capitalized terms used but not defined herein shall have the meaning given to such terms in the Plan.

confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 3022.

## Background

8. On December 1, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 4, 2020, the Court entered an order [Docket No. 46] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

10. On February 10, 2021, the U.S. Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 273].

11. On May 14, 2021, the Court entered the Confirmation Order, approving and confirming the Plan. On May 24, 2021, the Effective Date of the Plan occurred, at which point the Plan was substantially consummated.

12. In accordance with the Plan, holders of Claims and Interests were required to file a proof of claim to receive payment. Remaining claims that have not yet been objected to or allowed (the "Disputed Claims") will continue to be reconciled after the Effective Date. The Debtors may

elect to file one or more claims objections as appropriate (the "Claims Objections")[4] and continue to resolve any remaining cure disputes (the "Cure Disputes").  Pursuant to the Plan, fee applications for retained professionals (the "Fee Applications") must be filed no later than 45 days after the Effective Date.  Although the Reorganized Debtors do not anticipate any significant contested matters related to these chapter 11 cases, miscellaneous motions, applications, pleadings, objections, or other matters or proceedings may arise from time to time (together with the Cure Disputes, Fee Applications, and Claims Objections, the "Remaining Matters").  The Remaining Matters can be filed, administered, and adjudicated in the Lead Case.

13.    Aside from the Remaining Matters, the Reorganized Debtors do not believe there will be any other substantive motions, contested matters, or adversary proceedings to be resolved in these chapter 11 cases.  Therefore, the closure of the chapter 11 cases will not have any substantive impact on any party in interest.

## Basis for Relief

14.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party-in-interest, shall enter a final decree closing the case."

15.    The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").  The Advisory Committee Note to Bankruptcy Rule 3022

---

[4] The Reorganized Debtors reserve all rights to dispute any outstanding claims, and the failure of the Reorganized Debtors to object to any claim filed in these chapter 11 cases shall not cause such claim to be deemed allowed.

4

(the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payments under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

    16.    In addition to the factors set forth in the Advisory Committee Note, courts consider whether the plan of reorganization has been substantially consummated. *See, e.g., JCP Props.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).[5]

---

[5] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

17. All of these factors need not be present for a court to enter a final decree. *See, e.g.*, *Walnut Assocs.*, 164 B.R. at 493. For example, pending adversary proceedings do not necessarily preclude a court from entering a final decree. *See In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending and the debtors still needed to make certain distributions); *In re Valence Tech.*, No. 12-11580-CAG, 2014 WL 5320632, at *4 (W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'") (citation omitted).

18. Here, the foregoing factors weigh strongly in favor of closing the chapter 11 cases. The Effective Date has occurred, on which the transactions contemplated by the Plan closed and the Reorganized Debtors emerged from chapter 11 and assumed the business and management of their properties. Following the Effective Date, initial distributions commenced in accordance with the Plan. The resolution and payment of each of the Disputed Claims and Cure Disputes is currently pending and will take place upon resolution in accordance with the Plan and Bankruptcy Code or in the ordinary course of business. The Reorganized Debtors will continue to expeditiously resolve the Remaining Matters and any subsequent issues whether or not they pertain to the Lead Case. Closing the chapter 11 cases other than the Lead Case will have no effect on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest. Entry of the Final Decree is primarily administrative and will have no substantive effect. Therefore, the Plan has been both substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code and "fully administered" within the meaning of section 350 of the Bankruptcy Code.

19. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). The Final Decree may provide for any motions, notices, and other pleadings relating to any of the Reorganized Debtors to be filed, administered, and adjudicated in the Lead Case without the need to reopen the closed chapter 11 cases and for the Court to retain jurisdiction over the Remaining Matters. Notwithstanding the entry of the Final Decree, closing the cases is without prejudice to the rights of the parties in interest to petition the Court to reopen any of the cases pursuant to section 350(b) of the Bankruptcy Code if necessary.

20. Accordingly, the Reorganized Debtors request the Court enter the Final Decree, in accordance with section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing each of the cases except the Lead Case, but retaining jurisdiction over the Remaining Matters and any and all matters pending in the cases.

## Emergency Consideration

21. The Reorganized Debtors request emergency consideration of this Motion. Prompt entry of the Final Decree will allow the Reorganized Debtors to save administrative costs that would accrue were the chapter 11 cases left open.

## Notice

22. Notice of the hearing on the relief requested in this Motion will be provided by the Reorganized Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014 and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the U.S. Trustee; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agent under the Debtors' prepetition term loan facility, and counsel thereto; (d) the ad hoc group of lenders under the Debtors'

prepetition term loan facility, and counsel thereto; (e) Seadrill Limited and counsel thereto; (f) the Office of the United States Attorney for the Southern District of Texas; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Internal Revenue Service; (i) the United States Securities and Exchange Commission; (j) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

The Reorganized Debtors request that the Court enter the Final Decree, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
June 2, 2021

Respectfully Submitted,

/s/ Matthew D. Cavenaugh
**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
J. Machir Stull (TX Bar No. 24070697)
Genevieve Graham (TX Bar No. 24085340)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
mstull@jw.com
ggraham@jw.com
vpolnick@jw.com

*Co-Counsel for the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian Schartz, P.C. (TX Bar No. 24099361)
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
Email: brian.schartz@kirkland.com

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: anup.sathy@kirkland.com
chad.husnick@kirkland.com

*Co-Counsel for the Reorganized Debtors*

-and-

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Justin R. Bernbrock, Esq. (admitted *pro hac vice*)
Robert B. McLellarn, Esq. (admitted *pro hac vice*)
Three First National Plaza
70 West Madison Street, 48th Floor
Chicago, IL 60602
Telephone: (312) 499-6321
Facsimile: (312) 499-4741
Email: jbernbrock@sheppardmullin.com
rmclellarn@sheppardmullin.com

-and-

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Lawrence A. Larose, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10122
Telephone: (212) 896-0627
Facsimile: (917) 438-6197
Email: llarose@sheppardmullin.com

-and-

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Jennifer L. Nassiri, Esq. (admitted *pro hac vice*)
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: (213) 617-4106
Facsimile: (213) 443-2739
Email: jnassiri@sheppardmullin.com

*Conflicts Counsel for the Reorganized Debtors*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on June 2, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Conference**

  Prior to the filing of the Motion, counsel to the Reorganized Debtors consulted with Hector Duran, Jr. from the Office of the United States Trustee, who indicated that the Office of the United States Trustee had no opposition to the relief requested.

                */s/ Genevieve Graham*
                Genevieve Graham