IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Seadrill Partners, LLC, *et al.*,[1] | § | Case No. 20-35740 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |

**THE REORGANIZED DEBTORS' MOTION FOR AN ORDER
EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

To the Honorable David R. Jones,
Chief United States Bankruptcy Judge:

The Reorganized Debtors (the "***Reorganized Debtors***") hereby submit this motion (the "***Motion***") seeking entry of the attached proposed order, substantially in the form attached hereto as **Exhibit A**, extending the deadline to object to Claims asserted (the "***Claims Objection Bar Date***") by an additional 120 days through and including March 21, 2022, in order to allow the Reorganized Debtors an additional window in which to finalize the claim objection process. In support of this Motion, the Reorganized Debtors respectfully represent as follows:

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.primeclerk.com/seadrillpartners. The location of Reorganized Debtor Seadrill Partners LLC's principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is Seadrill Partners LLC, 2nd Floor, Building 11, Chiswick Business Park, 566 Chiswick High Road, London W4 5YS, United Kingdom.

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (this "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Article VII of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

2. On December 1, 2020 (the "**Petition Date**"), the Reorganized Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On May 14, 2021, this Court entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* [Docket No. 570] (the "**Confirmation Order**"), confirming, as modified therein, the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 562] (the "**Plan**").

4. The Plan's Effective Date (as defined in the Plan) occurred on May 24, 2021. [*See* Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates, Docket No. 586].

5. More than 450 proofs of claim have been filed in these chapter 11 cases. Since the Effective Date, the Reorganized Debtors have been working to determine responsibility for

asserted Claims, to file objections to certain Claims, to resolve certain Claims related to executory contracts, and to generally review and reconcile the filed proofs of claim to identify Claims that should be disallowed, reduced and allowed, or reclassified.

6. Since the Effective Date, the Reorganized Debtors have made significant progress in reconciling Claims and filing necessary objections. On November 16, 2021, the Reorganized Debtors filed their first four Omnibus Objections to certain categories of Claims:

- The Reorganized Debtors' First Omnibus Objection to Certain Proofs of Claim (Duplicate Claims) [Docket No. 701];

- The Reorganized Debtors' Second Omnibus Objection to Certain Proofs of Claim (Late-Filed Claims) [Docket No. 702];

- The Reorganized Debtors' Third Omnibus Objection to Certain Proofs of Claim (Late-Filed Claims) [Docket No. 703]; and

- The Reorganized Debtors' Fourth Omnibus Objection to Certain Proofs of Claim (Equity Claims) [Docket No. 704].

7. Together, the first four Omnibus Objections objected to a total of more than 200 claims. Those Omnibus Objections are currently set for hearing on December 20, 2021.

8. The Reorganized Debtors continue to analyze the remaining asserted Claims to determine those that are objectionable.

9. The Reorganized Debtors have determined that additional time is required to complete the review of the Claims and file objections with respect to the Claims they determine are objectionable and should be disallowed or reduced.

Claims Objection Bar Date

10. Except as provided below, the Plan provides the Reorganized Debtors with the "sole authority: (1) to file, withdraw, or litigate to judgment, objections to Claims or Interests; (2) to settle or compromise any Disputed Claim without any further notice to or action, order, or

approval by the Bankruptcy Court; and (3) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court." Plan § VII.C.

11. The Claims Objection Bar Date is defined under the Plan as the "the later of (1) 180 days after the Effective Date and (2) such other period of limitation as may be specifically fixed by the Debtors or Reorganized Debtors, as applicable, or by a Final Order of the Bankruptcy Court for objecting to such claims." Plan § VII.E. The Claims Objection Bar Date applies to administrative, secured, priority, and general unsecured claims, and has been established as November 20, 2021.

12. Pursuant to the Confirmation Order, "the Bankruptcy Court may extend the time period to object to Claims set forth in this paragraph at any time, including before or after the expiration of 180 days after the Effective Date, in its discretion or upon request by the Debtors or any party in interest." Confirmation Order § VII.E.

## RELIEF REQUESTED

13. By this Motion, the Reorganized Debtors seek entry of an Order, pursuant to section 105 of the Bankruptcy Code and Rule 9006(b) of the Bankruptcy Rules, extending the Claims Objection Bar Date, for a limited period of 90 days, through and including March 21, 2022, without prejudice to the Reorganized Debtors' rights to seek further extensions of the Claims Objection Bar Date.

14. The Reorganized Debtors assert that the limited 120-day extension will provide the necessary time for them to complete the claim analysis and objection process of the Claims asserted in these cases.

**BASES FOR RELIEF REQUESTED**

15. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, this Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

16. Bankruptcy Rule 9006(b) allows a court in its discretion to lengthen the time within which "an act is required or allowed to be done." FED. R. BANKR. P. 9006(b)(1). Rule 9006(b) provides, in relevant part, that:

> when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therfor is made before the expiration of the period originally prescribed . . . .

FED. R. BANKR. P. 9006(b)(1). As Collier notes, this Court should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been negligent, dilatory, or acting in bad faith. 10 COLLIER ON BANKRUPTCY, ¶ 9006.06[3], at 9006-14 (15th rev. ed. 2001). The Plan expressly defines the Claims Objection Bar Date to include the latest of, among other things, "such other period of limitation as may be specifically fixed by . . . a Final Order of the Bankruptcy Court[.]" Plan § VII.E. Moreover, the Confirmation Order specifically provides that the Reorganized Debtors may seek entry of an order extending the deadline for the filing of objections to Claims. *See* Confirmation Order § VII.E.

17. The Claims Objection Bar Date is presently November 20, 2021. Granting the requested extension of the Claims Objection Bar Date will provide the Reorganized Debtors with additional time to (i) finalize their review and analysis of the Claims; (ii) complete the required

due diligence to determine the objectionable Claims; (iii) negotiate resolutions to certain of the Claims, if possible; and (iv) object to and potentially litigate those Claims which cannot be consensually resolved.

18. The Reorganized Debtors reserve their right to seek a further extension of the deadlines through a subsequent motion filed with the Court.

## **NOTICE**

19. A copy of this Motion is being served upon (a) the U.S. Trustee; and (b) parties requesting notice pursuant to Bankruptcy Rule 2002.

20. The Reorganized Debtors respectfully submit that no other or further notice of this Motion is required.

## CONCLUSION

The Reorganized Debtors seek entry of an order, substantially in the form annexed hereto as **Exhibit A** extending the (a) Claims Objection Bar Date through and including March 21, 2022; and (b) granting such other and further relief as just and proper.

Houston, Texas

Respectfully submitted,

*/s/ Simon R. Mayer*
Philip G. Eisenberg
Texas Bar Number 24033923
Simon R. Mayer
Texas Bar Number 24060243
Eric Boylan
Texas Bar Number 24105519
**Locke Lord LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-226-3717
Email: simon.mayer@lockelord.com

*Attorneys for the Reorganized Debtors*

## Certificate of Service

I certify that on November 18, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Simon R. Mayer*
Simon R. Mayer