IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER |
| | § | |
| SEADRILL PARTNERS, LLC, et al | § | 20-35740-H2-11 |
| | § | |
| REORGANIZED DEBTORS | § | CHAPTER 11 |
| | § | (Jointly Administered) |

**CLAIMANT'S RESPONSE TO
REORGANIZED DEBTORS' THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS
OF CLAIM (LATE-FILED CLAIMS)**

COMES NOW, CLEANBLAST, LLC, hereinafter called ("CleanBlast" or "Respondent") and files this Claimant's Response to Seadrill Partners, LLC, et al's (" Reorganized Debtors") Third Omnibus Objection (the "Objection") to Certain Proofs of Claim (Late-Filed Claims), (the "Response") and would show the Court the following:

1. Respondent cannot admit or deny the allegation set forth in paragraph 1 of the Objection for a lack of information.

2. Respondent admits the allegations set forth in paragraph 2 of the Objection and consents to the entry of a final order or a final judgment by this Court.

3. Respondent cannot admit or deny the allegation set forth in paragraph 3 of the Objection for a lack of information.

4. Respondent admits the allegations set forth in paragraph 4 of the Objection.

5. Respondent admits the allegations set forth in paragraph 5 of the Objection.

6. Respondent cannot admit or deny the allegations set forth in paragraph 6 of the Objection, due to a lack of information.

7. Respondent cannot admit or deny the allegations set forth in paragraph 7 of the Objection,

due to a lack of knowledge, but does admit that ECF#562 is the docket entry for the 52 page plan entitled "Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code."

8. Respondent admits the allegations set forth in paragraph 8 of the Objection, but would state further that Respondent's claim was incorrectly listed in schedule E/F of ECF#199 at page 25 of 33. First, ECF#199 at paragraph 3.1, the entire balance of $73,188.632.84 is not marked contingent on the official form. Debtor then mistakenly scheduled Respondent, a trade creditor, as having a contingent claim on its attachment to the official form at ECF#199 page 26 of 33. Claims of trade creditors are not contingent.[1] The marking for "contingent" is in such small type, one has to have a magnifying glass to even see it. This is improper, as well as, confusing. More importantly, because Respondent does not have a contingent claim, as Respondent would assert, it has an allowed claim and it is not required to file a proof of claim pursuant to the language of the confirmed plan. See ECF#562 at pages 6-7 of 52.[2]

9. Respondent admits the allegations set forth in paragraph 9 of the Objection, but would show that Respondent was not aware of those bar dates, nor was it aware that it even had to file a proof of claim. Respondent had been providing services for the Debtors for over 10 years prior to the December 1, 2020. Debtors, primarily Seadrill Gulf Operations Auriga, LLC,

---

[1] *In re: All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr. S.D.Tex. 1980); *In re: Marvellia*, 149 B.R. 301, 304 (Bankr. E.D.N.Y. 1991); *In re: HL Builders, LLC*, 2020 WL 833287, *10 (Bankr. S.D. Tex. 2020).

[2] ""Allowed" means, with respect to any (a) Claim or portion thereof . . . that is listed in the Schedules as not contingent, not unliquidated, and not disputed (to the extent it has been listed), and for which no contrary or superseding Proof of Claim, as applicable, has been timely Filed, . . . ."

executed certain work order tickets (both pre-petition and post-petition) for CleanBlast to provide labor, equipment and materials for sandblasting, painting and related services for maintenance on Debtors oil rigs and other properties. More specifically, Respondent performed work for Debtor in November 2020, and continued to work for the Debtor after the filing date, incurring actual and necessary costs of preserving and benefitting the estate. Debtor's representatives signed post-petition work order tickets. Moreover, the Debtor paid Respondent $44,528.86 on or about January 21, 2021, and represented to Respondent that it intended to pay all of Respondent's invoices in full after the filing date. Based upon Debtor's representations and the signed work order tickets, Respondent continued to perform post-petition work that benefitted the Debtor. Therefore, Respondent is entitled to an administrative priority claim for the post-petition labor and materials furnished.

10. Respondent cannot admit or deny the allegations set forth in paragraph 10 of the Objection.

11. Respondent cannot admit the allegations set forth in paragraph 11 of the Objection, but agrees with the legal propositions set forth therein.

12. Respondent cannot admit the allegations set forth in paragraph 12 of the Objection, but agrees with the legal propositions set forth therein.

13. Respondent cannot admit or deny the allegations set forth in paragraph 13 of the Objection, due to a lack of information.

14. Respondent admits the allegations set forth in paragraph 14 of the Objection, but would reiterate the fact that Respondent should be exempted from filing any proof of claim.

15. Respondent denies the allegations set forth in paragraph 15 of the Objection.

16. Respondent denies the allegations set forth in paragraph 16 of the Objection.

17. Respondent cannot admit or deny the allegations set forth in paragraph 17 of the Objection, due to a lack of information.

18. Respondent cannot admit or deny the allegations set forth in paragraph 18 of the Objection, due to a lack of information.

19. Respondent cannot admit or deny the allegations set forth in paragraph 19 of the Objection, due to a lack of information.

20. Respondent cannot admit or deny the allegations set forth in paragraph 20 of the Objection, due to a lack of information.

21. Without waiving the foregoing, and in the alternative, Respondent would show that its claim is really in the nature of an administrative claim pursuant to 11 U.S.C. §503(b)(1)(A) & 507(a)(2).

22. In further response to the Objection, CleanBlast has filed or will be filing contemporaneously with this Response, a Motion for Allowance of Administrative Expense Claims Pursuant to 11 U.S.C. §503(b)(1)(A) & 507(a)(2).

23. Respondent has attached the affidavit of Rudy Fogleman (Exhibit 1) and Invoices (Exhibit 2) as proof of the allegations herein.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully request that the Court deny the Objection, for reasonable attorney's fees, and for other general relief to which Respondent may be justly entitled.

Respectfully submitted,

H. BRAD PARKER, P.C.

By:    /s/ H. Brad Parker
      H. Brad Parker
      State Bar No. 15487100
      700 Louisiana, Suite 3950
      Houston, Texas 77002
      (832) 390.2690 (Telephone)
      (713) 892.5588 (Alternate Telephone)
      (713) 892.5598 (Telecopier)
      Attorneys for CLEANBLAST, LLC

## CERTIFICATE OF SERVICE

I certify that on December 16, 2021, a true and correct copy of Claimant's Response to Seadrill Partners, LLC, et al's (" Reorganized Debtors") Third Omnibus Objection (the "Objection") to Certain Proofs of Claim (Late-Filed Claims) (the "Response") was served via email and/or Pacer on Simon R. Mayer at simon.mayer@lockelord.com.

   /s/ H. Brad Parker
H. Brad Parker